IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2414 APB-MJW

BOBBY BROWN,

     Plaintiff,

v.

A&E TELEVISION NETWORKS, LLC,
HYBRID FILMS, INC.,
D&D TELEVISION PRODUCTIONS, INC.,

     Defendants.

---

## DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE

---

     Defendants A&E Television Networks, LLC ("AETN"), Hybrid Films, Inc. ("Hybrid"), and D&D Television Productions ("D&D") (collectively, "Defendants") move this Court to dismiss Plaintiff's Second Amended Complaint and action herein for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and D.C.COLO.LCivR 7.1. Dismissal should be granted pursuant to the mandatory forum selection clause in the Release agreement entered into by Plaintiff which requires that disputes concerning their Release or matters arising thereunder be resolved in New York County, New York.

     **CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(a)**:  Counsel for Defendants has conferred in good faith with counsel for Plaintiff regarding this Motion, but the Plaintiff will oppose this Motion.

## INTRODUCTION

This case arises out of the production of a real-life television series, "Dog the Bounty Hunter." Defendant D&D produces the series pursuant to a production services agreement with Defendant Hybrid. (Affidavit of David S. Houts, attached hereto as Exhibit A, at ¶ 3.) Defendant AETN contracts with Hybrid and D&D for the rights to produce the series for AETN. *Id.*

Plaintiff Bobby Brown is the proprietor of Bobby Brown Bail Bonds, Inc., in Colorado Springs, Colorado. (Compl. ¶ 1.) Mr. Brown contends that while "assisting with the preparation and filming of the series, he was repeatedly promised by Duane Chapman, Beth Chapman as apparent agents of [Defendants] and directly by [Hybrid and D&D] executives … that he would be well compensated for his efforts." (*Id.* ¶ 19.) Dissatisfied with the compensation he has since received (*id.* at ¶ 30), Mr. Brown asserts claims for breach of contract and promissory estoppel against the production companies, Hybrid and D&D (*id.* at ¶¶ 40-51), and claims of unjust enrichment and "misappropriation of right of publicity" against all three Defendants. (*Id.* at ¶¶ 33-39, 51-57.)

Plaintiff alleges that venue is proper in this Court "because the events giving rise to the claims asserted herein occurred primarily in the District of Colorado." (*Id.* ¶ 9.) But between 2005 and 2009, Plaintiff signed three separate "Release Forms" (the "Releases"), each of which contains a forum selection clause. (Ex. A at ¶¶ 5-6 and Exs. 1-3.) Specifically, the Releases require that "any dispute concerning this Release or

matters hereunder will be resolved under New York law, in New York County." *Id.*  This forum selection clause, agreed to by the parties, requires the dismissal of this action.

<u>LEGAL STANDARD</u>

A motion to dismiss based on a forum selection clause is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3).  *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002). "The standard under 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction." *Nagim v. Jackson*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318896, at *3 (D. Colo. Aug. 10, 2010).  On such a motion, the Court may consider matters outside the pleadings, and facts alleged in the complaint are taken as true only to the extent that they are uncontroverted by defendants' evidence. *Prism Corp. v. Buray Energy Int'l, LLC*, No. 11-CV-0543-CVE-FHM, 2011 WL 5509036, at *2 (N.D. Okla. Nov. 10, 2011) (collecting cases).  All factual disputes are resolved in favor of the non-moving party. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).

<u>ARGUMENT</u>

Plaintiff ignores the forum selection clauses in the Releases he signed – clauses which mandate dismissal here.

A forum selection clause is presumed to be valid and the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Milk 'N' More, Inc.*

*v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). As the party resisting enforcement of a forum selection provision, Plaintiff "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992).

The Tenth Circuit has classified forum selection clauses into two general categories: mandatory and permissive. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). A mandatory forum selection clause is one that contains "clear language showing that jurisdiction is appropriate only in the designated forum." *Id.*, *quoting Thompson v. Founders Group Int'l*, 886 P.2d 904, 910 (Kan. Ct. App. 1994). In contrast, a permissive forum selection clause permits suit to be brought in a particular jurisdiction, but does not prevent the parties from litigating in a different forum. *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581-82 (10th Cir. 1997). The existence of "a valid, mandatory forum-selection clause greatly restricts a non-designated court's ability to hear a case." *Gallagher's NYC Steakhouse Franchising, Inc. v. 1020 15th St., Inc.*, No. 08-cv-01639-PAB-BNB, 2009 WL 1796297, at *2, (D. Colo. Jun. 23, 2009), *citing American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory.")

Here, the Releases contain mandatory forum selection clauses.  The first Release, signed in 2005, states:

> The parties agree that any dispute that occurs concerning this Release will be resolved under New York law, in New York County.

(Ex. A at ¶ 5 & Ex. 1.)  Likewise, the second (2008) and third (2009) Releases provide:

> The parties agree that any dispute concerning this Release or the matters covered hereunder will be resolved under New York law, in New York County.

(*Id.* at Ex. 2, 3.)  This language is unambiguously mandatory.  The clauses specify that any disputes "will be resolved" in New York County, under New York law.  The use of the term "will," like "the use of the word 'shall,' generally indicates a mandatory intent." *Milk 'N' More*, 963 F.2d at 1346; *see Bowen v. Income Producing Mgmt. of Okla.*, 202 F.3d 1282, 1285 (10th Cir. 2000) (contrasting permissive language ("'generally'; 'are usually'; 'should be'; 'can be'") with mandatory "phrases like 'will be', 'shall not', and 'must be'"); *see also Regional Transp. Dist. v. Outdoor Systems, Inc*, 34 P.3d 408, 420 (Colo. 2001) ("Plainly, the meaning of 'will' is mandatory rather than hortatory.") (*citing Burnell v. Smith*, 471 N.Y.S.2d 493, 496 (N.Y. Sup. Ct. 1984) ("[T]he word 'will' is defined as '[an] auxiliary verb commonly having the mandatory sense of 'shall' or 'must'. . . . It is a word of certainty, while the word 'may' is one of speculation and uncertainty'.") (alterations in original; quoting *Black's Law Dictionary* 1771 (4th ed. 1951))).

Finally, because this mandatory forum selection clause identifies a specific county (New York) as the proper venue, the Court must dismiss rather than transfer this case.  In *Excell,* the Tenth Circuit held that "[b]ecause the language of the clause refers only to a specific country and not to a specific judicial district, we conclude *venue is*

*intended to lie only in the state district court.*" 106 F.3d at 321 (emphasis added). Since a federal court cannot transfer venue to a state court, a court faced with a mandatory clause that specifies venue in a particular county is "constrained to dismiss." *Gross v. Silverberg*, No. 10-cv-00687-REB-BNB, 2010 WL 514794, at *2 (D. Colo. Dec. 13, 2010); *see id.* (for the same reason, motions to change venue under 28 U.S.C. § 1404(a) on grounds of *forum non conveniens* must be denied.)

CONCLUSION

Plaintiff signed multiple Releases consenting to the adjudication of all disputes in New York state court, under New York law. The forum-selection clauses in these Releases are unambiguous and mandatory. Defendants therefore respectfully request that this case be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Dated: November 23, 2011.

Respectfully submitted,

By: /s/ Richard P. Holme
Richard P. Holme
Geoffrey C. Klingsporn
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado   80202
Telephone:  303-892-9400
Fax:  303-893-1379
Email:  richard.holme@dgslaw.com
        geoffrey.klingsporn@dgslaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE** using the CM/ECF system, which will send notification of such filing to the following:

Jeffrey S. Vail
The Law Office of Jeff Vail LLC
8320 S. Valley Hwy., Third Floor
Englewood, CO 80112
jvail@vail-law.com

Steve Replin
Replin & Rhoades LLC
222 Milwaukee St., Suite 304
Denver, CO 80206
sreplin@replinrhoades.com

*/s/ Donna Keuling*